UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John T. Davis,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:19-cv-265

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

On November 8, 2019, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the decision of the Commissioner of Social Security. R&R, ECF No. 17. Plaintiff objects. Obj., ECF No. 18.

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has reviewed *de novo* the R&R, Plaintiff's objections, and the record and concludes that substantial evidence supported the ALJ's Residual Functional Capacity ("RFC") determination that Plaintiff could frequently handle, finger, and reach with his left arm.

The ALJ incorporated reaching limitations into the RFC by determining that Plaintiff could reach with his left arm only in front and laterally and could never reach his left arm overhead. ECF No. 9-2 at PAGEID # 43. Even though Plaintiff contends that the ALJ failed to consider his third shoulder surgery, the ALJ cited record evidence to support her reaching limitation that postdates Plaintiff's third surgery, *see e.g.*, ECF No. 9-2 at PAGEID # 97 (citing Ex. 43F & 46F). And, her reaching limitation is not undermined by any record evidence, even evidence surrounding Plaintiff's third surgery. Moreover, this reaching limitation is consistent with Plaintiff's own testimony at the hearing regarding his ability to reach. *See* ECF No. 9-2 at PAGEID # 150 (testifying that he could reach to shoulder height). Contrary to Plaintiff's objection, it is not a *post hoc* rationalization to point out that the ALJ's analysis regarding Plaintiff's ability to reach with his left arm is consistent with Plaintiff's own testimony about his ability to reach with his left arm. In sum, upon *de novo* review, the Court finds the ALJ's reaching limitation is supported by substantial evidence.

The ALJ's RFC determination that Plaintiff could frequently finger and handle objects with his left hand is likewise supported by substantial evidence. The Court has found no objective medical evidence of a limitation on fingering or handling with Plaintiff's left hand—the only record evidence of any such limitations is Dr. Rajan's Diabetes Mellitus RFC assessment. Dr. Rajan is an endocrinologist who treated Plaintiff's diabetes. She found in that RFC assessment that Plaintiff could use his left hand to grasp, turn, and twist objects,

or his left fingers to perform fine manipulation, only 20% of an 8-hour workday. ECF No. 9-9 at PAGEID # 1247. She also found that Plaintiff could reach with his left arm (including overhead) only 20% of an 8-hour workday. *Id.*

Plaintiff points to Dr. Rajan's opinion as substantial record evidence that his shoulder surgeries created additional fingering and handling restrictions that were not accounted for in the ALJ's RFC. Obj. 6, ECF No. 18. As a threshold matter, the Court rejects Plaintiff's argument that Dr. Rajan's opined restrictions on fingering and handling were related to Plaintiff's shoulder surgeries as opposed to his diabetic neuropathy. Obj. 6, ECF No. 18. The ALJ correctly understood Plaintiff's argument, and Dr. Rajan's assessment, to be that the diabetic neuropathy—not the shoulder surgery—caused the fingering and handling restrictions while the surgeries caused the reaching restrictions. *See* ECF No. 9-2 at PAGEID ## 96, 98, 99. This understanding is supported by Dr. Rajan's RFC assessment itself, which was prepared in connection with Plaintiff's Diabetes Melitus. ECF No. 9-9 at PAGEID ## 1245–48. In finding that Plaintiff would have significant limitations in "repetitive reaching, handling, *or* fingering," *id.* at PAGEID # 1247 (emphasis added), Dr. Rajan wrote "He has had shoulder surgery x3." *Id.* From the disjunctive phrasing of the question and her later statement that Plaintiff had "severe diabetic neuropathy," *id.* at PAGEID # 1248, it is clear that Dr. Rajan relied on the surgeries to support her limitations on reaching and the diabetic neuropathy for the limitations on fingering and

handling. Plaintiff also testified that it was the neuropathy that caused him to drop items.

But, as the ALJ noted in weighing Dr. Rajan's RFC assessment, the medical evidence does not support Dr. Rajan's opinion that diabetic neuropathy resulted in such severe fingering and handling restrictions. ECF No. 9-2 at PAGEID # 99 (stating Dr. Rajan's limitations "are not well supported by the longitudinal record"). Even her own notes relate that although Plaintiff suffered some tingling and numbness bilaterally,[1] the neuropathy was intermittent, and Plaintiff was consistently found to be able to safely use small appliances and perform ADLs without assistance, even after his third surgery. *See* Exs. 13F, 20F, 28F; *see also* Exs. 22F, 41F (Dr. Noel); ex. 45F (Dr. Cohen); ECF No. 9-2 at PAGEID # 158 (testifying he can bathe and dress himself); ECF No. 9-2 at PAGEID # 96 (ALJ noting Plaintiff could bathe and dress himself). Plaintiff's reflexes, coordination, muscle strength, and tone were consistently found to be normal, and, as the ALJ noted, Plaintiff's diabetic neuropathy was at times noted as "reasonably controlled" with medication. Exs. 27F; 28F, 38F, 46F. Nowhere do Dr. Rajan's notes—or any medical evidence—discuss problems with handling and fingering with the left hand that would support Plaintiff's testimony that neuropathy caused him to drop items, ECF No. 9-2 at PAGEID ## 164–65, or Dr. Rajan's RFC assessment, Ex. 42F. The Court therefore agrees with the ALJ that

---

[1] Even this was sometimes noted specifically in the lower extremities.

Dr. Rajan's assessment was inconsistent with her own treatment notes. ECF No. 9-2 at PAGEID # 99. Plaintiff's own attorney even admitted that the neuropathy affecting Plaintiff's hands was "not documented much in the record[.]" ECF No. 9-2 at PAGEID # 164.

And, to the extent Dr. Rajan's opinions regarding Plaintiff's ability to finger and handle objects with his left arm *is* rooted in his prior shoulder surgeries, it is likewise unsupported. Plaintiff has not pointed to medical evidence showing that the left shoulder surgeries (or the conditions requiring those surgeries) have themselves caused restrictions on his ability to finger or handle objects with his left hand. *See e.g.*, Ex. 45F. Although Plaintiff insists that his recovery from his second shoulder surgery was not as positive as the ALJ made it out to be—and thus argues her opinion was not supported by substantial evidence—he has failed to point to any evidence linking that poor recovery or his third shoulder surgery specifically to his ability to finger and handle objects. As stated above, while the shoulder surgeries have certainly caused limitations on reaching, the ALJ took those into account to an extent consistent even with Plaintiff's own testimony.

In short, the ALJ's RFC determination regarding Plaintiff's ability to frequently finger and handle objects with his left arm is supported by substantial evidence.

For the above reasons, the Court finds no merit to Plaintiff's objections. Substantial evidence supported the ALJ's RFC determination as it relates to

Plaintiff's ability to handle, finger, and reach with his left hand. The Court therefore **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter final judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

 _/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**